IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JULIA E. SOUTER,              )
                                  )
       Plaintiff,             )
                                  )
v.                             )     Civil Action No. 5:16-cv-0051
                                  )
COMMONWEALTH OF VIRGINIA,  )     By: Elizabeth K. Dillon
et al.                     )         United States District Judge
                                  )
       Defendants.          )

**MEMORANDUM OPINION**

Plaintiff Julia E. Souter, proceeding *pro se*, seeks leave to proceed *in forma pauperis* (Dkt. No. 1), and she has also filed a "motion for emergency injunction" (Dkt. No. 3), which the court construes as a motion for temporary restraining order or preliminary injunction. The court held a hearing on both motions on August 25, 2016, and Souter appeared via telephone. For the reasons stated at the hearing and explained in more detail herein, the court will grant Souter *in forma pauperis* status, but will deny her motion for a temporary restraining order or preliminary injunction. The court also will dismiss her complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In this action, Souter asserts a claim, pursuant to 42 U.S.C. § 1983, that her constitutional due process rights were violated during a state court proceeding in the Circuit Court of Warren County.[1] As a result of that proceeding, she was evicted from

---

[1] Souter also claims that her treatment in the state court constituted "a violation of USC § 18-240 and or -241." (Dkt. No. 1 at 2.) There is no statute with the citation 18 U.S.C. § 240. To the extent Souter is alleging a violation of 18 U.S.C. § 241, that statute (in general terms) makes it a crime for two or more persons to conspire to deprive another of any constitutional right. The statute is a criminal statute, however, and does not allow a private cause of action. *See, e.g.*, *Johnson v. Thomas*, No. 4:10-cv-151, 2011 WL 1344008, at *5 (E.D.N.C. April 8, 2011) (rejecting plaintiff's attempt to assert a private cause of action based on federal criminal statutes, including 18 U.S.C. § 241, and collecting authority holding that § 241 and other similar statutes do not provide an implied private cause of action). *Accord Bybee v. Pirtle,* 99 F.3d 1138, 1996 WL 596458, at *1 (6th Cir. 1996) (unpublished table decision); *Robinson v. Overseas*

her home, which she states she had "worked for 25 years to pay off." (Dkt. No. 1 at 2.)[2] She claims that she had suffered a stroke before the state court hearing and was ill during it. She complains that she had thought the purpose of the hearing was simply to set a trial date, but instead the result was her eviction from her home. She alleges that the judge's order of eviction caused her additional distress, caused her to suffer another TIA/stroke, and endangered her life. Her motion for emergency injunction requests that this court prevent or stay her eviction. (Dkt. No. 1.)

She identifies four defendants: the Commonwealth of Virginia, Clyde H. Dawson, Diane Dawson, and Kimberly B.W. Emerson. The Dawsons were the plaintiffs in the state court action, and Emerson apparently was their counsel. Souter confirmed at the hearing before this court that the Dawsons had previously purchased Souter's property at an auction held by Warren County.

As the court explained during the hearing, Souter failed to establish the high standard for granting a temporary restraining order or preliminary injunction. "A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (internal quotation marks and alteration omitted). To obtain one, a

---

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (same as to 18 U.S.C. § 242); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Tribble v. Reedy,* 888 F.2d 1387, 1989 WL 126783, at *1 (4th Cir. 1989) (unpublished table decision) ("Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.").

To the extent Souter is trying to bring a civil action based on a conspiracy, a private right of action is provided in 42 U.S.C. § 1985. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 275 (1993) (describing § 241 as "the criminal counterpart" of § 1985(3)). Even if the court were to construe this claim as being brought under § 1985, the claim fails for the same reasons, discussed herein, that her § 1983 claim fails.

[2] Based on other judicial records and Souter's statements to this court, it appears that Souter's property has been the focus of a years-long dispute between Souter and others, including Warren County. *See Souter v. Cnty of Warren*, No. 5:10-cv-122 (W.D. Va. Nov. 29, 2010) (dismissing a case and providing some background); *Souter v. Commonwealth of Virginia*, No. 5:14-cv-54 (W.D. Va. Nov. 5, 2014) (same).

2

moving party must establish all four of the following elements: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–46 (4th Cir. 2009) (noting that all four of these requirements must be met for the movant to obtain preliminary injunctive relief), *vacated on other grounds*, 559 U.S. 1089 (2010). As the court explained at the hearing, Souter has failed to show a likelihood of success on the merits of her § 1983 claim against the named defendants.

In general terms, section 1983 provides a cause of action against "[e]very person" who deprives a citizen of his or her constitutional rights under color of state law. 42 U.S.C. § 1983. To state a legally cognizable claim under § 1983, a plaintiff "must establish three elements: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). Souter's claim against the Commonwealth of Virginia fails for at least two reasons. First, Souter fails to establish the second element of her claim, because the Commonwealth is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Second, the Commonwealth has Eleventh Amendment immunity, which prevents Souter from asserting the claim against it here.[3] *Ballenger v. Owens*, 352 F.3d 842, 844 (4th Cir. 2003) (explaining that "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation)

---

[3] Although the court recognizes that it is not required to address Eleventh Amendment issues *sua sponte*, it is permitted to do so. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481–82 & n.3 (4th Cir. 2005).

(citations omitted). The Supreme Court has expressly held that 42 U.S.C. § 1983 does not destroy, waive, or preempt the Eleventh Amendment immunity of the States. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because Virginia has Eleventh Amendment immunity from Souter's § 1983 claim, the claim against the Commonwealth is subject to dismissal on this ground, as well.

As to the other defendants, Souter's claim against them fails because she has not alleged facts to show that they were "acting under color of state law," the third element of her § 1983 claim. *See Jenkins*, 119 F.3d at 1159–60. As the Supreme Court has explained, a Section 1983 claim can only be brought against persons acting under color of state law and cannot be premised on purely private conduct, no matter how unlawful that conduct is. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 40 (1999). The Dawsons and Emerson are private individuals, and nothing in Souter's submissions indicate that any of them acted under color of state law or engaged in state action.

The court has also considered whether the vague allegations or references to a conspiracy are sufficient to state a claim, but concludes that they are not. Although private parties who corruptly conspire with an otherwise immune state actor (such as a judge) can be acting under color of state law within the meaning of § 1983, *Dennis v. Sparks*, 449 U.S. 24, 29 (1980), a plaintiff properly pleads an unconstitutional conspiracy only if she asserts facts from which a conspiratorial agreement can be inferred. *See, e.g., Wiggins v. 11 Kew Garden Ct.*, 497 F. App'x 262, 2263-64 (4th Cir. 2012) (affirming dismissal of claims and explaining that a bare allegation of conspiracy was insufficient). Souter has not pled facts from which a conspiratorial agreement plausibly can be inferred. Thus, her claim against the remaining defendants fail to state a claim upon which relief can be granted.

4

For all of these reasons, the court concludes that Souter could not establish a likelihood of success on the merits, and it will deny her motion for injunctive relief.

Further, for the same reasons that Souter has not shown a likelihood of success on the merits of claims, her complaint is also subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall "at any time" dismiss an *in forma pauperis* complaint if it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). In evaluating Souter's *pro se* complaint, the court must construe the complaint liberally, holding it to "less stringent standards that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Souter's complaint fails to state any plausible claim for relief, for all the reasons already discussed. Accordingly, the court will dismiss her lawsuit in its entirety.

## CONCLUSION

For the foregoing reasons, the court will grant Souter *in forma pauperis* status, deny her motion for temporary restraining order or preliminary injunction, and dismiss her complaint in its entirety. An appropriate order will follow.

Entered: October 21, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge